UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SISTER E. JONES-BEY,

                              Plaintiff,

             -against-

PAMELA K. CHEN, ET AL.,

                            Defendants.

21-CV-6142 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated her rights. Plaintiff originally filed this action in the United States District Court for the Eastern District of Virginia. *See Jones-Bey v. Chen*, No. 3:21-CV-0256 (DJN). By order dated April 23, 2021, the Hon. David J. Novak of the Eastern District of Virginia granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"), and directed Plaintiff to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. (ECF 2). Plaintiff filed an amended complaint on May 5, 2021, and on July 19, 2021, Judge Novak transferred the action to this Court. (ECF 6.) For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to amend her claims.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against 57 defendants.[1] The following allegations are taken from the amended complaint, which is confusing and often lacks necessary background

---

[1] The amended complaint includes various spellings of many of the defendants' names. To maintain consistency in this order, the Court has occasionally altered Plaintiff's spelling of the defendants' names.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against 57 defendants.[1] The following allegations are taken from the amended complaint, which is confusing and often lacks necessary background

---

[1] The amended complaint includes various spellings of many of the defendants' names. To maintain consistency in this order, the Court has occasionally altered Plaintiff's spelling of the defendants' names.

information and other essential details. The New York City Administration for Children's Services ("ACS") "used defendants 10-20" to investigate Plaintiff "for no reason."[2] (ECF 3, at 2.) Plaintiff maintains that all cases filed against her in the Bronx and Kings County Family Courts were dismissed for lack of evidence. On May 4, 2018, Defendant New York City Police Department ("NYPD") officers Antoine and Caban removed Plaintiff's children for 33 days "by force using Defendants 29-41"[3] and "based on fraudulent statements given by" Defendants Nosson Schwarcz[4] and Enrique Rivera.[5] (*Id.* at 2.) Plaintiff also alleges that on December 11, 2018, Rivera pushed Plaintiff's then-10-year-old son into a metal gate, causing her son to be hospitalized and to require physical therapy.

On May 19, 2019, Plaintiff filed a complaint in the United States District Court for the Eastern District of New York, which she alleges was subsequently dismissed by Judge Pamela K. Chen. (*Id.* at 3.) The dismissal of Plaintiff's complaint "gave rise to the current problem [Plaintiff] is having with Defendants 14 [Dana La Casse], 15 [Brenda Ramirez], 16 [Barbara

---

[2] Defendants 10-20 appear to be the following: Josephine Antoine, Grisel Caban, CPS Anwana, CPS Emmanuel, Dana La Casse, Brenda Ramirez, Barbara Daniely, Jacqueline D. Williams, Elizabeth Barnett, Vanessa Williams, and Ronna Gordon-Galchus. (*See* ECF 3, at 1.) Plaintiff provides no other information on any of these individuals. Galchus is a Bronx County Family Court Judge.  The other defendants referred to appear to be ACS employees.

[3] Defendants 29-41 appear to be the following parties: Alicia Frisch #23973, Michael Mancilla #23627, Michelle Giglio (77th command), Toddman #20869, Gellineau #15315, Sergeant Quintero #5330, Eptistein #15093, Sergeant Sandrina Osborn (77th Command), Sergeant Fitzgerald, Santos #17728, Feracea #28279, Russell #19390, and Officer Roke (77th command). (*See id.* at 1-2.) Plaintiff provides no additional information about these individuals, though they appear to be law enforcement officers.

[4] Plaintiff occasionally spells this defendant's last name as "Schwartz."

[5] Plaintiff provides no other information about Schwarcz and Rivera other than to include the notation "DBA All Year Management" next to Schwarcz's name in the list of defendants. (*See id.* at 2.)

Daniely], 19-22 [Vanessa Williams, Ronna Gordon-Galchus, Andrea Amoa, Paul M. Hensley], and 54-57 [Vicknell Powell, Jane Powell, William Pierce, Shanta Pierce]." (*Id.*)

From May 2, 2020, to the present, Defendant Vicknell Powell, who appears to be Plaintiff's landlord or former landlord, has "Committed Fraud, aggravated identify theft, aggravated legal and physical harassment, mail tampering and stealing [Plaintiff's] mail, usurpation, discrimination based on nationality, family size, religion and source of income, Several counts of verbal and Physical Assault and battery." (*Id.*)

On June 8, 2020, following an altercation with Plaintiff, Powell apparently released pepper spray in Plaintiff's apartment or apartment building, causing injury to Plaintiff's minor children. (*Id.* at 4.)

From June 19, 2020, to the present, Powell has made "at least 3 calls" to the state's Child Abuse Hotline to make false allegations against Plaintiff. Plaintiff maintains that these calls have resulted in an invasion of her privacy and "degradation slander and Libel on the public record." (*Id.*) Plaintiff alleges that Powell made similar phone calls to the NYPD.

On July 30, 2020, while Plaintiff was out running errands, Powell "or a coconspirator" called the NYPD and reported that Plaintiff's children were hurt in Plaintiff's home. (*Id.*) In response, Sergeant Beckett and Officers Almonte, Hidalgo, and Doe "[u]nlawfully enter[ed] [Plaintiff's] home and emotionally traumatize[d]" her children "by threatening" to call ACS. (*Id.*)

Powell also "Verbally harassed and committed Battery" against Plaintiff's 12-year-old child B.X.K.B. (*Id.*)

On October 2, 2020, ACS worker La Casse came to Plaintiff's apartment. Plaintiff explained that she has "been having an ongoing issue with the owner of the property, and her reports [to ACS] were her way of retaliation." (*Id.* at 5.) Plaintiff further explained to La Casse

4

that "due to mistakes of one of ACS employees in Kings County that there was pending litigation in Federal court and her being at my home is a conflict of interest." (*Id.*) On October 5, 2020,

> Dana La Casse, Brenda Ramirez, and Barbara Daniely had a phone conference amongst themselves, without me and made the decision to ask the court to force her way in my home, and subject me to unlawful questioning and invasion of privacy. They wanted to remove them. But the request was denied.

(*Id.*) On the following day, ACS and the State of New York violated Plaintiff's "Fourth Amendment rights due to an Ex-Parte order made without notification to me that there would be a court hearing, or the opportunity to be heard which directly violates the 4th 5th 6th and 7th amendments." (*Id.*)

On October 17, 2020, Plaintiff became aware that Powell used Plaintiff's social security number to open an account with Con Edison of Greater New York. Plaintiff reported the issue to the Federal Trade Commission. She also made a report to the New York City Police Department, but Officers Canales and Solomon refused to act.

On December 21, 2020, Powell hired a man "to attempt to enter [Plaintiff's] home through [her] eldest daughter's bedroom window." (*Id.*) When Plaintiff caught the man and asked what he was doing, he said Plaintiff "had to ask Vicknell Powell." (*Id.* at 6.)

William and Shanta Pierce[6] "use[d] The State of New York, Andrea Amoa, Paul M. Hensley and the Suffolk County family court" to keep Plaintiff's oldest son from her. (*Id.*) Suffolk County Family Court Judge Paul M. Hensley "made an[] order dismissing [Plaintiff's] motion to dismiss." (*Id.*) Plaintiff alleges that William Pierce had Plaintiff's son removed from her custody because Pierce found out that Plaintiff was engaged, and because she refused to give

---

[6] Plaintiff provide no further details about the identities of William and Shanta Pierce, including what, if any, relationship they have to Plaintiff and her family.

5

him the keys to her house and ignored his sexual advances. Shanta Pierce also made false statements to social workers.

On January 6, 2021, Bronx County Family Court Judge Rhonda Gordon-Galchus denied Plaintiff's *habeas corpus* petition regarding her oldest child "and gave no valid reason." (*Id.*)

On January 24, 2021, Powell set a fire in the garage of the house in which Plaintiff and her children were living. When Plaintiff and her children went to stay with Plaintiff's uncle, Powell entered Plaintiff's apartment and "trashed" Plaintiff's belongings. Powell told the police that Plaintiff was no longer a tenant and was therefore trespassing and changed the locks to the apartment. "Due to [Powell's] fraudulent statements [Powell] was able to weaponize the police department against [Plaintiff] because Dana La Casse filed a warrant in family court based on Vicknell Powell Statements with no proof although the children has told her that none of the stuff Vicknell Powell said was true" (*Id.*)

Plaintiff filed civil complaints in March 2019 and in November 2020, but "instead of protecting [her] rights," Judge Pamela K Chen of the Eastern District of New York and Judge Louis L. Stanton of the Southern District ignored Plaintiff's grievances, which Plaintiff maintains is "a Direct Violation of the Laws of the United States of America." (*Id.* at 7.)

Plaintiff alleges that she has suffered emotional distress and mental anguish, a loss in wages and business contracts, her privacy has been invaded, her identity has been stolen, and Plaintiff and her three youngest children have not "physically interacted" with her eldest son since May 10, 2021. (*Id.*)

In her amended complaint, Plaintiff seeks money damages and a wide array of injunctive relief.

On September 1, 2021, Plaintiff filed a "notice of motion" and an affidavit in which she seeks, among other relief, a writ of *habeas corpus* for her minor child P.Z.A.J.B., who she maintains is currently in foster care in Suffolk County, New York, pursuant to an order by Suffolk County Family Court Administrative Law Judge Hensley. (ECF 9, 10.)

## DISCUSSION

**A.      Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Plaintiff's recent filings (ECF 9, 10) include the full names and dates of birth of her minor children. The Court is therefore limiting electronic access to these documents to a "case-participant only" basis. If Plaintiff files any additional documents in this action, she must comply with Rule 5.2(a)(3).

**B.      Plaintiff's previous action**

On November 2, 2020, Plaintiff filed a complaint in this court against the City of New York, Dana La Casse, and Plaintiff's landlord Vicknell Powell, alleging that Powell was conspiring with ACS to remove Plaintiff's children from her custody. *See Jones Bey v. La Casse*, ECF 1:20-CV-9171, 2 (S.D.N.Y.). By order dated December 10, 2020, Judge Louis L. Stanton held that (1) Plaintiff had failed to allege facts suggesting that the ACS employees had violated her constitutional rights; (2) Plaintiff had failed to state a claim against the City of New York because she had not alleged that the events giving rise to this action resulted from a municipal policy, custom, or practice; and (3) Plaintiff had failed to allege facts showing that Powell had conspired with the other defendants, or that the Court had diversity jurisdiction of any state law claims. ECF 1:20-CV-9171, 4. Judge Stanton also noted that the court was likely precluded from intervening in Plaintiff's ongoing Family Court proceedings. In light of Plaintiff's *pro se* status,

Judge Stanton granted her leave to file an amended complaint detailing her claims against La Casse and the City of New York.

In response to Judge Stanton's order to amend, Plaintiff submitted an amended complaint adding many of the same defendants and alleging many of the same facts as she does in this complaint. By order dated March 22, 2021, Judge Stanton abstained under the domestic relations abstention doctrine from exercising federal-question jurisdiction over Plaintiff's claims arising from the family court's orders and their enforcement. ECF 1:20-CV-9171, 8, at 6-7. Judge Stanton's order also dismissed Plaintiff's claims against: (1) private individuals, including Vicknell Powell and her family, for lack of state action; (2) ACS and NYPD because as agencies of the City of New York, they are not entities that can be sued; (3) the City of New York because Plaintiff failed to allege facts suggesting the City has a policy, custom, or practice that caused a violation of her rights; (4) ACS employees Dana La Casse, Brenda Ramirez, Vanessa Williams, and Barbara Daniely for failure to state a claim on which relief may be granted; (5) NYPD Sergeant Beckett and officers Hidalgo, Almonte, Solomon, and Canales for failure to state a claim; (6) New York State under the Eleventh Amendment; and (7) Suffolk County Family Court Referee Andrea Amoa and Judge Paul Hensley, and Bronx Family Court Judge Ronna Gordon-Galchus under the doctrine of absolute judicial immunity. Judge Stanton also dismissed any criminal claims Plaintiff was attempting to assert because a private citizen cannot prosecute a criminal action in Federal Court, and he dismissed Plaintiff's claims arising under Fair Housing Act.

Judge Stanton's March 22, 2021 order granted Plaintiff sixty days' leave to replead her section 1983 claims against the police officers and a housing discrimination claim under the FHA against Powell. Rather than file an amended complaint in No. 20-CV-9171, on April 23, 2021,

Plaintiff filed the original complaint in this action in the United States District Court for the Eastern District of Virginia. (ECF 1.) Eastern District of Virginia Judge David J. Novak directed Plaintiff to file an amended complaint, which she did on May 5, 2021. Because Plaintiff failed to file a second amended complaint in No. 20-CV-9171, on July 2, 2021, Judge Stanton entered judgment against Plaintiff. ECF 1:20-CV-9171, 9. Judge Novak transferred Plaintiff's Virginia action to this Court on July 19, 2021.

The amended complaint in this action appears to include many of the same claims that Plaintiff asserted in her amended complaint in No. 20-CV-9171 and that Judge Stanton dismissed in his March 22, 2021 order. Because Plaintiff submitted the amended complaint in this action before Judge Stanton entered judgment in No. 20-CV-9171, the Court considers each of her claims and references Judge Stanton's prior order of dismissal where necessary.

C.   **The Court must abstain from intervening in child custody matters**

The Court construes Plaintiff's request that custody of her minor child be restored to her and that the Court direct ACS to cease its investigation of her family as a request for this Court to intervene in her child custody proceedings. This Court cannot consider those claims because of the domestic relations abstention doctrine.

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction of claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990) (holding that federal district court should abstain from exercising federal-question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . .") (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme

9

Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

In *Deem v. DiMella-Deem*, the Second Circuit held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original). Federal district courts must therefore abstain from exercising federal-question jurisdiction of claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to either vacate or overturn family court orders, or to otherwise intervene in custody proceedings. But unless Plaintiff can show that there is an obstacle that prevents her from receiving a full and fair determination of the issues in the state courts, this Court must abstain from exercising federal-question jurisdiction of her claims arising from family court orders and their enforcement. *See Deem*, 941 F.3d at 621-25 (affirming *sua sponte* dismissal under domestic relations abstention doctrine).

**D.**     ***Habeas corpus* relief**

Plaintiff also seeks a writ of *habeas corpus* for the return of her minor son. Even if the domestic relations abstention doctrine did not apply, the Court must deny Plaintiff's request. The Supreme Court has held that federal *habeas corpus* jurisdiction under 28 U.S.C. § 2254 may not

10

be invoked to challenge the constitutionality of a state child custody decision. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510-11, 515-16 (1982); *Middleton v. Att'ys Gen. of State of N.Y. & Penn.*, 396 F.3d 207, 209 (2d Cir. 2005) (holding that federal courts do not have jurisdiction to review by means of a *habeas* application a state court's child-custody determination). The Court therefore denies Plaintiff's request for *habeas corpus* relief.[7]

**E.     Section 1983 claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

1.     Judicial immunity

In this action, Plaintiff again sues Suffolk County Family Court Referee Amoa, Suffolk County Family Court Judge Hensley, and Bronx County Family Court Judge Gordon-Galchus. She also sues United States District Judges Stanton and Chen. The Court dismisses Plaintiff's claims against these defendants for the reasons stated in Judge Stanton's March 22, 2021 order of dismissal in ECF 1:20-CV-9171, 8, at 13-14. That is, Plaintiff seeks to recover money damages based on injuries that she claims arise out of these Defendants' official actions, but she does not plausibly allege facts that suggest they acted outside their judicial capacities or jurisdiction.

---

[7] That Plaintiff labels her submission as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241, rather than section 2254, does not change the Court's analysis. *See U.S. ex rel. Mueller v. Missouri Div'n of Family Servs.*, 123 F. 3d 1021 (8th Cir. 1997) (applying *Lehman* to a *habeas* petition brought under section 2241 and holding that jurisdiction did not exist challenge state agency's custody of child while child custody dispute was pending); *York v. Virginia*, No. 7:12-CV-0019, 2012 WL 178357, at *1 (W.D. Va. Jan. 23, 2012) ("Under *Lehman* . . . children in foster care are not in the 'custody' of the state within the meaning of §§ 2241 or 2254.").

11

Plaintiff's claims against these defendants are therefore barred by the doctrine of absolute judicial immunity and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

    2.    Sovereign immunity

Plaintiff names as defendants the United States and United States Attorney General Merrick Garland "on behalf of the United States." The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against individual federal officers in their official capacities, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Consent to suit "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005).

Plaintiff sues the United States and Attorney General Merrick Garland "on behalf of the United States" although she makes no allegations against these defendants. Because the United States and Attorney General Garland in his official capacity are entitled to sovereign immunity, and Plaintiff has not identified any basis for abrogating that immunity, the Court dismisses

12

Plaintiff's claims against these defendants because Plaintiff seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

3. Eleventh Amendment immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York and the New York State Attorney General Letitia James in her official capacity are therefore barred by the Eleventh Amendment and are dismissed.

4. Municipal agencies

Like in *La Casse*, No. 20-CV-9171, Plaintiff here again sues ACS and the NYPD, and also adds the City of New York Department of Finance as a defendant. The Court dismisses Plaintiff's claims against these City agencies for the reasons stated in Judge Stanton's March 22, 2021 order of dismissal. ECF 1:20-CV-9171, 8, at 8-9. The Court liberally construes Plaintiff's allegations as asserting claims against the City of New York, and also dismisses those claims for the reasons stated in Judge Stanton's March 22, 2021 order. ECF 1:20-CV-9171, 8, at 9. Plaintiff's claims against ACS, NYPD, and the City of New York are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

5. ACS employees

Plaintiff asserts claims against a number of ACS employees, including claims that Judge Stanton dismissed. *See* ECF 1:20-CV-9171, 8, at 9-10.

Plaintiff's allegations against the ACS employees may implicate the substantive component of the Due Process Clause of the Fourteenth Amendment. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a child's removal. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011). But the right to family integrity "'does not automatically override the sometimes competing' government interest in protecting children, [ ] particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 360 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)).

To establish a substantive due process claim with respect to the removal of a child, "a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Southerland*, 680 F.3d at 151 (internal quotation marks and citation omitted). "[M]ere failure to meet local or professional standards, without more, should not generally be elevated to the status of constitutional violation," *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999); *see, e.g.*, *Kia P.*, 235 F.3d at 759 (caseworkers violate due process where their actions lack "any reasonable justification in the service of a legitimate governmental objective"). Thus, courts have imposed liability only for "'obvious extremes,'" such as knowingly making false statements, manufacturing evidence, or

14

ignoring exculpatory information. *Tuffarelli*, 692 F. Supp. 2d at 360 (quoting *Wilkinson*, 182 F.3d at 104).

Plaintiff does not allege any facts suggesting that the ACS employees violated her substantive due process rights. Plaintiff alleges that ACS "used" the named individual ACS employees "to investigate" Plaintiff, but she fails to provide any other details about what occurred or how any of these named individuals personally violated her rights. The facts alleged in the complaint do not describe "shocking, arbitrary, or egregious" conduct sufficient to state a substantive due process claim. In any event, courts have held that a parent "has no right to be free from ACS investigation." *Watkins-El v. Dep't of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016); *see, e.g.*, *Phillips*, 894 F. Supp. 2d at 378-79 (quoting *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)); *Villanueva v. City of New York*, No. 08-CV-8793, 2010 WL 1654162, at *7 (S.D.N.Y. Apr. 14, 2010).

Plaintiff alleges that ACS workers Antoine and Caban "removed" her children, but she fails to allege any facts suggesting that these defendants did anything improper. In fact, Judge Stanton found that Plaintiff's allegations in her amended complaint in 20-CV-9171 suggest that Antoine and Caban entered her home under a court order. *See* ECF 1:20-CV-9171, 8, at 9. The Court therefore dismisses Plaintiff's claims against the ACS defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

6.   Police officers

Plaintiff alleges that police officer Defendants 29-41 removed her children by force based on fraudulent statements. Plaintiff fails, however, to allege facts describing how any of these defendants were personally involved in violating her rights. Plaintiff therefore fails to state a claim against these defendants.

Plaintiff alleges that Becket, Almonte, and Hidalgo entered Plaintiff's house in response to Powell's allegedly false reports to 911 that Plaintiff's children were unsupervised and injured. Plaintiff brought nearly identical claims against these same defendants in No 20-CV-9171, and the Court dismisses Plaintiff's claims against Becket, Almonte, and Hidalgo for the reasons stated in Judge Stanton's March 22, 2021 order. ECF 1:20-CV-9171, 8, at 10-12.

Plaintiff also alleges that Officers Canales and Soloman refused to investigate complaints that Plaintiff had filed. But there is no right to an investigation by police officers or other government officials. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989) (the Due Process Clause generally confers no affirmative right to governmental aid); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (holding that there is "no constitutional right to an investigation by government officials") (citation omitted). Any exceptions to this rule do not apply to the facts alleged. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). Accordingly, Plaintiff's allegation against Officers Canales and Solomon fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

7. Private individuals

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Joseph Schwartz, Nossen Schwartz, Enrique Rivera, Yoel Goldman, Vicknell Powell, William Pierce, and Shanta Pierce are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under section 1983.

F. **Diversity jurisdiction to consider state law claims**

Plaintiff has also failed to allege facts demonstrating that the Court has diversity jurisdiction to consider any state law claims she may be asserting against the private individual defendants. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

As stated above, private actors may not be held liable under 42 U.S.C. § 1983, and Plaintiff fails to allege facts suggesting the Court otherwise has federal question jurisdiction to consider her claims against private individuals. Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction to consider any state law claims she may be asserting against private defendants. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory

jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, the amended complaint fails to allege that Plaintiff and Defendants are citizens of different states. In fact, Plaintiff fails to allege the citizenship or provide addresses for any of the parties, including herself.[8] While the Court received a letter from Plaintiff on August 20, 2021, stating that she has a new address in Bronx, New York, ECF 8, a party's state citizenship is considered at the time of the original complaint's filing, s*ee, e.g.*, *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs. Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). Plaintiff therefore fails to establish that the Court has diversity jurisdiction to consider any state law claims she may be asserting. The Court grants Plaintiff leave to amend any state law claims she may be asserting to allege facts demonstrating that Plaintiff and Defendants are citizens of different states and that her claim is in excess of $75,000.00.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

[8] The Clerk of Court listed Plaintiff's address on the docket as Richmond, Virginia, apparently solely on the basis that the action was transferred from the Eastern District of Virginia, which is located in Richmond, Virginia. The Eastern District of Virginia's transfer order states that Plaintiff has not provided that court with a mailing address. (ECF 6, at 2.)

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff thirty days' leave to replead **only** those state law claims she seeks to bring under the Court's diversity jurisdiction. If Plaintiff files an amended complaint, she must allege facts establishing that she and Defendants were citizens of different states at the time she filed the original complaint and that her claim is in excess of $75,000.

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted and for seeking relief against defendants immune from such relief, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court denies Plaintiff's request for a writ of *habeas corpus*. (ECF 10.)

The Court grants Plaintiff thirty days' leave to replead her state law claims in an amended complaint that alleges facts demonstrating the Court has diversity jurisdiction to consider her claims. The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 17, 2021
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge